■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, v. GUSSIE LEVINE, Respondent, et al., Defendants.— Appeal by the plaintiff from an order of the County Court of Sullivan County, entered on August 19, 1955 confirming the commissioners' award in a condemnation proceeding. Plaintiff acquired, by condemnation, an easement for the erection and operation of high tension electric transmission lines across premises owned by defendant-respondent Gussie Levine. The three duly appointed commissioners of appraisal have awarded the sum of $3,700 as compensation to the respondent and the County Court has confirmed the award. Appellant contends that the award is excessive and that there is no competent or credible evidence to justify the award. The entire premises owned by respondent consist of approximately 45 acres, located in the village of Monticello, Sullivan County, New York. Several buildings located thereon are operated as a hotel, particularly for summer guests. The buildings consist of a main building with 15 sleeping rooms, a dining room, kitchen and lobby, an annex with 15 sleeping rooms, a casino and a children's day camp. The right of way taken by plaintiff consists of approximately two acres and is 100 feet wide, approximately 740 feet long and bisects the southern portion of the property, leaving about five and one-half acres to the south of the electric line. The line is located about 900 feet from some buildings and about 550 feet from the nearest. There is a wide variance both in description of the property in the vicinity of the taking and in its value by experts of the appellant and those of respondent. Appellant's experts describe the land as swampy, brushy, and unsuitable for use. Respondent's experts, on the other hand, describe that portion of the property as picturesque, covered with pine trees, and suitable for development as building lots and a lake. There is evidence that the property had been plotted for development before the taking. The evidence is clear that building lots in the vicinity for summer homes are in great demand and bring high prices. The 100 foot strip taken has been denuded of trees, leaving unsightly stumps. A high tension transmission line may add a hazard to the property that was not there before and makes the remaining property less desirable and less valuable. The commissioners have heard the witnesses and viewed the property. They find that the difference between the fair market value of the entire premises before the taking and the fair market value after the taking, together with resulting damages to

the remaining lands, to be the sum of $3,700. A question of fact was presented, and we do not think the award was palpably excessive or such as to shock the sense of justice of the court. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.